UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

MARK REED,

      Petitioner,

 v.

                9:19-CV-1283
                (GTS)

PATRICK REARDON,

      Respondent.

---

APPEARANCES:                OF COUNSEL:

MARK REED
16-A-4723
Petitioner, pro se
Marcy Correctional Facility
P.O. Box 3600
Marcy, NY 13403

GLENN T. SUDDABY
Chief United States District Judge

## DECISION and ORDER

**I. INTRODUCTION**

Petitioner Mark Reed filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 and a memorandum of law in support of his pending petition. Dkt. No. 1, Petition ("Pet."); Dkt. No. 1-1, Memorandum of Law ("Mem."). On October 22, 2019, the Court administratively closed this action because petitioner had not properly commenced the case, failing to either pay the statutory filing fee or file a properly certified IFP application; however, the Court afforded petitioner another opportunity to comply with this requirement. Dkt. No. 2, Order dated 10/22/19.

On October 28, 2019, petitioner filed the statutory filing fee, and the Court reopened

the action. Dkt. Entry dated 10/28/19 (identifying receipt information for filing fee transaction); Dkt. No. 3, Text Order dated 10/28/19 (reopening action).

## II. THE PETITION

The present petition is difficult to decipher because it is unclear which conviction petitioner is challenging. Petitioner was originally convicted, on April 19, 2007, of second degree criminal possession of a forged instrument, in Albany County, pursuant to a guilty plea. *People v. Reed*, 61 A.D.3d 1216, 1216 (3d Dep't 2009). Petitioner was sentenced to a term of imprisonment of 3 ½ to 7 years. *Id.* On April 23, 2009, the Appellate Division, Third Department, affirmed the conviction. *Id.* at 1217. It does not appear that the decision was further appealed.

Petitioner listed the same crime of commitment and sentence in his present petition. Pet. at 1. However, petitioner indicated that the conviction which he was challenging was a guilty plea entered in Albany County on September 16, 2016. *Id.* Petitioner did not indicate the date of his sentencing for that conviction. However, upon searching the New York State Department of Corrections and Community Supervision ("NYDOCCS") website, it was discovered that petitioner was received back into custody, from a conditional release, on November 17, 2016. *See* NYDOCCS Inmate Locator Website, *available at* http://nysdoccslookup.doccs.ny.gov (last visited November 5, 2019). Petitioner also stated that he did not directly appeal the plea; however, he did file a motion pursuant to New York Criminal Procedure Law § 440 ("440 motion") on June 18, 2017. *Id.* at 2-3. Petitioner then supplemented his 440 motion on January 24, 2018. *Id.* at 4. The motion was denied, without a hearing, on October 9, 2018. *Id.* at 3.

2

Liberally construing his submission, petitioner alleges that he is entitled to habeas relief because (1) his due process rights were violated by a defective indictment whereby the court lacked jurisdiction to proceed over petitioner (Pet. at 5-6; Mem. at 2); (2) his counsel was constitutionally ineffective (Pet. at 5-6; Mem. at 2-8); and (3) petitioner's plea was coerced, thus, it was involuntary and invalid (Mem. at 3-8). For a more complete statement of petitioner's claims, reference is made to the petition and supporting memorandum of law.

## III. DISCUSSION

Based upon an initial review, the Court concludes that the petition is deficient for two reasons. The Court will not speculate as to what petitioner is advancing regarding the claims being asserted or their timeliness, the grounds upon which his arguments are based, or the supporting facts upon which he relies. However, in light of his pro se status, petitioner will be given an opportunity to amend his petition as outlined below.

### A. Rule 2

First, the petition does not comply with the Habeas Rules. More specifically, Rule 2 of the Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules") requires that a federal habeas petition brought pursuant to 28 U.S.C. § 2254 (1) "specify all the grounds for relief available to the petitioner," and (2) "state the facts supporting each ground[.]" Habeas Rule 2(c)(1)-(2). While petitioner has stated grounds for relief in his petition and attached a memorandum of law making arguments about failures of petitioner's representation and the circumstances surrounding his plea, they are insufficient to clarify whether petitioner is challenging the plea which resulted in his underlying criminal conviction, the subsequent violation and revocation proceedings, or both. The Court will not

3

guess petitioner's intentions in filing this petition. Accordingly, further clarification is required to determine whether petitioner's claims necessitate a response.

## B. Timeliness

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), enacted on April 24, 1996, established a one-year statute of limitations for prisoners to seek federal review of their state court criminal convictions. 28 U.S.C. § 2244(d)(1). The one-year period generally begins to run from the date on which the state criminal conviction became final by the conclusion of direct review or by the expiration of the time to seek direct review. 28 U.S.C. § 2244(d)(1)(A); *Gonzalez v. Thaler*, 565 U.S. 134, 149-50 & n.9 (2012).[1]

The one-year limitation period under AEDPA is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *Saunders v. Senkowski*, 587 F.3d 543, 548 (2d Cir. 2009). The tolling provision "excludes time during which properly filed state relief applications are pending, but does not reset the date from which the one-year statute of limitations begins to run." *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000) (per curiam). The tolling provision excludes from the limitations period only the time that the state relief application remained undecided, including the time during which an appeal from the denial of the motion was taken. *Saunders*, 587 F.3d at 548; *Smith*, 208 F.2d at 16.

Moreover, AEDPA's one-year statute of limitations period "is subject to equitable

---

[1] Other dates from which the limitations period may start running are the date on which an unconstitutional, state-created impediment to filing a habeas petition is removed, the date on which the constitutional right on which the petitioner bases his habeas application was initially recognized by the Supreme Court, if the right was newly recognized and made retroactively applicable, or the date on which the factual predicate for the claim or claims presented could have been discovered through the exercise of due diligence (newly discovered evidence). 28 U.S.C. § 2244(d)(1)(B)-(D). None of the bases for a later date upon which the statute of limitations could have begun to run appear to apply in this case.

4

tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010). To warrant equitable tolling, a petitioner must show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 560 U.S. at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *Diaz v. Kelly*, 515 F.3d 149, 153 (2d Cir. 2008). Courts have also recognized an equitable exception to the one-year statute of limitations under 28 U.S.C. §2244(d)(1) in cases where a petitioner can prove actual innocence. *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). However, a petitioner's lack of legal knowledge does not constitute extraordinary circumstances preventing him or her from filing a timely petition. *Jenkins v. Greene,* 630 F.3d 298, 305 (2d Cir. 2010); *see Smith,* 208 F.3d at 18 (noting that a petitioner's pro se status does not establish sufficient ground for equitable tolling).

### i. 2007 Conviction

Here, if petitioner is challenging his 2007 conviction, it appears that the petition is untimely. Petitioner's direct appeal was affirmed by the Third Department on April 23, 2009. *Reed*, 61 A.D.3d at 1217. It is unclear whether petitioner then continued with his direct appeal. However, petitioner had thirty days from the date of the Third Department decision to appeal to the New York Court of Appeals. *See Gillespie v. Kaplan*, No. 9:12-CV-1276 (NAM/RFT), 2015 WL 5773424, at *4 (N.D.N.Y. Sept. 30, 2015) (citing N.Y. CRIM. PROC. LAW § 460.10). A conviction becomes final if those thirty days pass without seeking leave to appeal. *Crawford v. Costello*, 27 Fed. App'x 57, 59 (2d Cir. 2001); *see also Velasquez v. Ercole*, 878 F. Supp. 2d 387, 396 (W.D.N.Y. 2012) ("[W]hen a defendant fails to appeal a decision of the New York Supreme Court, Appellate Division, the conviction becomes final thirty days after service of Notice of Entry."). Assuming petitioner did not seek leave to

appeal, the conviction became final on May 23, 2009. Therefore, in order for the habeas petition to be timely, it needed to be filed on or before May 23, 2010. 28 U.S.C. § 2244(d)(1). The present petition was signed on October 14, 2019.[2] Therefore, if petitioner is challenging his original criminal conviction, his petition was filed approximately nine and a half years too late.

Further, based on the information presented in the petition, it does not appear that the statute of limitations should be statutorily or equitably tolled. Assuming petitioner properly filed his 440 motion, it provides no help saving petitioner's current claims because the motion was filed in June of 2017, a little over eight years after the statute of limitations expired. Accordingly, it would have no bearing on the present analysis because an application for collateral relief cannot serve to "revive [an] expired statute of limitations." *Gillard v. Sticht*, No. 9:16-CV-0513 (MAD), 2017 WL 318848, at *3 (N.D.N.Y. Jan. 23, 2017) (citations omitted); *accord, Roberts v. Artus*, No. 1:16-CV-2055, 2016 WL 2727112, at *2 (E.D.N.Y. May 5, 2016) ("If the 440 motion was filed after the one-year statute of limitations period expired, it cannot be counted for purposes of statutory tolling."). Moreover, nothing in petitioner's filing indicates equitable tolling applies to excuse any delays.

### ii. 2016 Conviction

If petitioner is challenging his second conviction, it similarly does not appear timely. Petitioner's conviction was entered on September 16, 2016. Pet. at 1. Petitioner failed to include the day he was sentenced; however, the Court did determine that petitioner was

---

[2] Under the prison "mailbox rule," a petitioner's application is deemed filed on the date he delivers it to the prison authorities for mailing. *Houston v. Lack*, 487 U.S. 266, 270 (1988)

6

subsequently returned to custody on November 17, 2016.³  Petitioner did not directly appeal his second conviction.  *Id.* at 2.  Despite petitioner's contentions that his conviction became final in October of 2018, Pet. at 13, 15, because petitioner failed to file a notice of appeal his conviction actually become final thirty days after he was sentenced.  *See Bethea v. Girdich*, 293 F.3d 577, 578 (2d Cir. 2002) (per curiam) (explaining that the one-year statute of limitations began to run when the petitioner's time for filing a notice of appeal from the judgment of conviction expired); *Vaughan v. Lape*, No. 9:05-CV-1323 (DNH), 2007 WL 2042471, *4 (N.D.N.Y. July 12, 2007) ("In New York, a defendant has thirty days after the 'imposition of the sentence' to notify the court that he will appeal.") (quoting CPL § 460.10(1)(a)); *Gonzalez*, 565 U.S. at 150; *Saunders v. Senkowski*, 587 F.3d 543, 547-49 (2d Cir. 2009).  Accordingly, petitioner's conviction became final on December 17, 2016.  Therefore, petitioner had until December 17, 2017, to timely file his habeas petition.  28 U.S.C. § 2244(d)(1).  The present petition, signed October 14, 2019, is almost two years past the termination of the statute of limitations.

While it appears that statutory tolling applies in this instance, it still does not seem to save the petition.  Petitioner commenced his 440 motion on June 18, 2017.  Pet. at 3.  Accordingly, as of the date petitioner filed his collateral attack on his conviction, 182 days of the statute of limitations had passed.  The petition was statutorily tolled while the 440 motion was pending, through October 9, 2018.  Therefore, petitioner had an additional 183 days after the termination of his 440 motion, or until April 11, 2019, to timely file his habeas

---

³ Because petitioner's sentencing date is unknown, in an effort to provide petitioner with the maximum amount of time allowable under the statute of limitations, the Court used the date petitioner was remitted to custody to calculate the date petitioner's conviction became final. The Court presumes this date was associated with his violation and subsequent revocation given its close proximity to the date petitioner reported he pled guilty to his second conviction.

7

petition. Even with statutory tolling, it appears the petition was filed six months past the expiration of the limitations period. Moreover, nothing in petitioner's filing indicates equitable tolling applies to excuse any delays.

The Court will give petitioner an opportunity to amend his petition **within thirty (30) days** of the filing date of this Decision and Order. In amending his claim, petitioner is to specify which conviction he is challenging and explain why the statute of limitations should not bar his petition. Specifically, petitioner should include the name and location of the court that entered the judgment, the date of the judgment, and, if applicable, the offense(s) for which he was convicted and the length of the sentence that was imposed. Petitioner must also state the date(s) upon which he filed any state court proceedings in which he challenged his conviction, violation, or revocation proceedings and clearly set forth the grounds raised in each application and the date(s) upon which the court(s) denied each application.

If petitioner fails to file an amended petition, this action will be dismissed without further order of the Court. Habeas Rule 4.

## IV. CONCLUSION

**WHEREFORE**, it is

**ORDERED** that petitioner may file an amended petition **within thirty (30) days** of the filing date of this Decision and Order. The Clerk is directed to provide petitioner with a blank § 2254 habeas petition for this purpose. Petitioner shall complete every part of the blank petition, including the sections requiring him to state the name and location of the court that entered the challenged judgment(s), the date of the judgment(s), and, if applicable, the offense(s) for which he was convicted and the length of the sentence that was imposed. Petitioner must also state the date(s) upon which he filed any state court proceedings in

8

which he challenged his conviction and clearly set forth the grounds raised in each application and the date(s) upon which the court(s) denied each application. If petitioner is asking the Court to equitably toll the limitations period, he must set forth facts establishing a basis for the application of equitable tolling as stated above. If petitioner is asking the Court to apply an equitable exception to the limitations period, he must set forth facts establishing a basis for doing so. **Petitioner must specify all of the grounds upon which his federal petition is based, and the facts supporting each ground**, in the amended petition.

Petitioner **shall not** incorporate any portion of his original papers into his amended petition by reference. He must include all relevant information in the amended petition and shall submit only one amended petition in accordance with the terms of this Decision and Order. Petitioner must also sign and date the petition; and it is further

**ORDERED** that if petitioner does not file an amended petition within thirty (30) days of the filing date of this Decision and Order, the Clerk shall enter judgment dismissing this action without further order of the Court; and it is further

**ORDERED** that upon the filing of any amended petition, the Clerk shall forward the file in this matter to the Court for further review. No answer to the petition will be required from the respondent until petitioner has submitted the amended petition, and the Court has had the opportunity to review his arguments; and it is further

**ORDERED** that the Clerk shall serve a copy of this Decision and Order on petitioner in accordance with the Court's Local Rules of Practice.

Dated: November 14, 2019
     Syracuse, New York

Hon. Glenn T. Suddaby
Chief U.S. District Judge